UNITED STATES of America, Plaintiff-Appellee,

v.

Juan Alberto GONZALEZ, Defendant-Appellant.

No. 82–2266.

United States Court of Appeals, Fifth Circuit.

April 12, 1983.

Roland E. Dahlin, II, Fed. Public Defender, George M. Secrest, Jr., Asst. Fed. Public Defender, Houston, Tex., for defendant-appellant.

Daniel K. Hedges, U.S. Atty., John M. Potter, William W. Torrey, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, GEE and RANDALL, Circuit Judges.

GEE, Circuit Judge:

Late in the afternoon of New Year's Day two years ago, peace officers surveying an

area saw defendant Gonzalez driving a van on a rural road in far south Texas, a few miles from the border and just west of Rio Grande City. Gonzalez and a passenger were proceeding in the "psychedelic colored" vehicle toward Los Garza Downs, an old race track with stables, outbuildings, and a residence. The officers watched the vehicle until it stopped at the residence.

The officers returned about three hours later with a search warrant, to be met by headlights approaching on the same road. These were abruptly extinguished, and when the officers investigated their source the van was found abandoned in the road, with its driver's-side door open and over a quarter-ton of marihuana aboard. Proceeding to the Los Garza Downs, they uncovered three tons of marihuana hidden in buildings where the vehicle had stopped earlier, with much odor and residue about.

At all relevant times, the van was registered in the defendant's name, though he testified at trial that he had sold it before the day it was found abandoned. Three papers or receipts mentioning "Juan Gonzalez," "Alberto Gonzalez," or "Mr. Gonzalez" were found in the glove compartment. Defendant admitted earlier marihuana convictions but denied having been in the truck on the fatal day, maintaining that someone else had been driving it and that he had been with his wife in Mexico. One of the officers testified that at the first sighting of the van he could see into it and no such quantity of marihuana was then inside as was later found there.

Although these circumstances are suspicious indeed, we conclude that the evidence is insufficient to support defendant's convictions of conspiracy to possess and possessing the drug with intent to distribute it. No testimony connected Gonzalez directly with the smuggling scheme, nor did any ever place him and the drug at the same place and time. Even if it be assumed the van was his, and that he was driving it—as we do, in view of the verdict of conviction—three hours intervened between his presence in it when it was empty and its later abandonment loaded with the drug. More,

in this event his knowledge of the capture of the van supplies ample motive for his attempt to claim he had been elsewhere that day and had nothing to do with it, whether in fact he did or not. Too many innocent scenarios jibe with the sparse record facts connecting Gonzalez to the drug: that he lent the vehicle; that he had sold it; that he was in fact in Mexico that day, and so on. The chance, on these facts, that an innocent man has been convicted is simply too high; and though we agree that a reasonable-minded jury could have suspected, as we do, that Gonzalez is probably guilty, we do not think that on this evidence it could properly have concluded that he was beyond a reasonable doubt.

REVERSED.